GREGORY L. KIRAKOSIAN  (SBN 294580)
 [GREG@KIRAKOSIANLAW.COM]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JORDAN & ASSOCIATES
INVESTMENTS, INC., d/b/a SUN
BUGGIE FUN RENTALS, a
California corporation; RANDOLPH
JORDAN, an individual;

              Plaintiffs,

      vs.

STATE OF CALIFORNIA, a public
entity; CALIFORNIA DEPARTMENT
OF PARKS AND RECREATIONS, a
subdivision of the State of California;
KEVIN PEARCE, an individual;
ROBERT COOPER, an individual;
JEFFREY LANGLEY, an individual;
CALIFORNIA HIGHWAY PATROL,
a subdivision of the State of California;
TY MURRAY, an individual; KEVIN
COOMER, an individual; and DOES 1
– 40 inclusive;

              Defendants.

**CASE NO.:   2:23-cv-01779**

**COMPLAINT FOR DAMAGES:**

1. 42 U.S.C § 1983 – Unlawful Search
   and Seizure;

2. 42 U.S.C § 1983 – First Amendment
   Violations;

3. 42 U.S.C § 1983 – Failure to Prevent
   Violations;

4. 42 U.S.C § 1983 – Concealment of
   Evidence and Deveraux Claim

5. Negligence;

6. Intentional and Negligent Interference
   with Existing and Prospective
   Economic Advantage;

7. Malicious Prosecution; and

8. Violation of California Civil Rights
   Act.

**DEMAND FOR JURY TRIAL**

Plaintiffs JORDAN & ASSOCIATES INVESTMENTS, INC., d/b/a SUN BUGGIE FUN RENTALS, and RANDOLPH JORDAN hereby file this Complaint for Damages against the STATE OF CALIFORNIA, a public entity; CALIFORNIA DEPARTMENT OF PARKS AND RECREATIONS, a subdivision of the State of California; KEVIN PEARCE, an individual; ROBERT COOPER, an individual; JEFFREY LANGLEY, an individual; CALIFORNIA HIGHWAY PATROL, a subdivision of the State of California; TY MURRAY, an individual; KEVIN COOMER, an individual; DOES 1 – 10 inclusive (collectively "Defendants"), and allege as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating Plaintiffs' rights guaranteed under the United States Constitution, the California Constitution, and the laws of the State of California in connection to the harassment, commercial persecution and malicious prosecution of Plaintiffs in retaliation for Plaintiffs' public criticisms of the State of California's policies and their selective and unsafe enforcement of those policies.

2. Specifically, on June 23, 2017, Officer Ty Murray, at the direction of Kevin Pearce, Robert Cooper, and Jeffrey Langley, maliciously issued a citation for two misdemeanors at the Oceano Dunes Recreation Area. As a result, charges were filed on October 25, 2017, case number 17M-10574 in the San Luis Obispo Court. Plaintiff plead not guilty and countless hearings and legal proceedings commenced and continued until the false and malicious charges were ultimately dropped on March 22, 2022. The injuries arising from said wrongful conduct continue to date.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

4.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under State law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California, and because all Defendants reside in the County of Los Angeles, California.

## **PARTIES**

6.     At all relevant times, Plaintiff JORDAN & ASSOCIATES INVESTMENTS, INC, doing business as SUN BUGGI FUN RENTALS, was a California Corporation conducting business in San Luis Obispo County, California.

7.     At all relevant times, Plaintiff RANDOLPH JORDAN, was an individual residing in Las Vegas, Nevada.

8.     At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a governmental entity organized and existing under the laws of the State of California.

9.     At all relevant times, Defendants CALIFORNIA DEPARTMENT OF PARKS AND RECREATIONS ("PARKS"), is a chartered subdivision of the State of California with the capacity to be sued. PARKS is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the its agents and employees who are identified herein as individual Defendants. At all relevant times, Defendant PARKS was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, PARKS was the employer of Defendants KEVIN PEARCE, ROBERT COOPER, JEFFREY LANGLEY, and DOES 1 through 40.

10.     At all relevant times, Defendant KEVIN PEARCE was an agent and/or officer for PARKS and the STATE. At all relevant times, Defendant was acting under color of law within the course and scope of their duties as agents and officers for the PARKS and the STATE. At all relevant times, Defendant was acting with the complete authority and ratification of their principal, Defendant PARKS and the STATE.

11.     At all relevant times, Defendant ROBERT COOPER was an agent and/or officer for PARKS and the STATE. At all relevant times, Defendant was acting under color of law within the course and scope of their duties as agents and officers for the PARKS and the STATE. At all relevant times, Defendant was acting with the complete authority and ratification of their principal, Defendant PARKS and the STATE.

12.     At all relevant times, Defendant JEFFREY LANGLEY was an agent and/or officer for PARKS and the STATE. At all relevant times, Defendant was acting under color of law within the course and scope of their duties as agents and officers for the PARKS and the STATE. At all relevant times, Defendant was acting with the complete authority and ratification of their principal, Defendant PARKS and the STATE.

13.     At all relevant times, Defendants CALIFORNIA HIGHWAY PATROL ("CHP"), is a chartered subdivision of the State of California with the capacity to be sued. CHP is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the its agents and employees who are identified herein as individual Defendants. At all relevant times, Defendant CHP was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CHP was the employer of Defendants TY MURRAY, KEVIN COOMER, and DOES 1 through 40.

14.     At all relevant times, Defendant TY MURRAY was an agent and/or officer for CHP and the STATE. At all relevant times, Defendant was acting under color of law within the course and scope of their duties as agents and officers for the CHP and the

STATE. At all relevant times, Defendant was acting with the complete authority and ratification of their principal, Defendant CHP and the STATE.

15.   At all relevant times, Defendant TY KEVIN COOMER was an agent and/or officer for CHP and the STATE. At all relevant times, Defendant was acting under color of law within the course and scope of their duties as agents and officers for the CHP and the STATE. At all relevant times, Defendant was acting with the complete authority and ratification of their principal, Defendant CHP and the STATE.

16.   The true Identities of said DOES 1 through 40 are unknown to Plaintiffs. Defendants DOES 1-40, are, and at all relevant times were, individuals residing in the County of San Louis Obispo in the State of California. At all relevant times, DOES 1-40 were acting in the course and scope of their employment with Defendant STATE, PARKS, CHP, and acting under the color of state law.

17.   Defendants DOES 8 - 10 are managerial, supervisorial, and policymaking employees of Defendants, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendants. DOES 8 - 10 were acting with the complete authority and ratification of their principal, Defendant STATE, PARKS, and CHP.

18.   The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 40 are unknown to Plaintiffs at this time and therefore Plaintiffs file this Complaint against said DOES Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

19.   Plaintiff is informed and believes, and based upon such information and belief, allege that each Defendant and Defendants sued herein as DOES 1-40 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

20.     Plaintiff is informed and believes and thereon allege that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

21.     Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23.     On information and belief, since 2012, Plaintiff has been engaged in efforts to improve safety on vendor provided vehicles within the Oceano Dunes SVRA. Since approximately 2012, Sun Buggie has been trying to ascertain the basis of Defendant PARK's position to neither enforce the California statutory ATV safety requirements for adolescents on rental ATVs.  It is these efforts to improve safety on rental ATVs.

24.     On information and belief, Defendant Robert Cooper coordinated efforts of the various Defendants, in hopes of motivating those other agencies to pursue pretextual enforcement activity against Plaintiff. In February 2016 Robert Cooper arranged a visit with Ken Helgren from Defendant California Air Resources Board, in a "surprise" inspection of Sun Buggie's storage facility at 54 Saratoga in Grover Beach, and while documenting that no violations were identified, the inspection nonetheless resulted in an enforcement action by CARB against Sun Buggie.

25.     On information and belief, in early 2016, Robert Cooper directed a dialogue with Defendant CHP about setting up an inspection of Sun Buggie's fleet,

citing possible "inadequate VIN plates."

26.     On information and belief, in June of 2016, Defendant Cooper initiated an email exchange with the Consumer Product Safety Commission, telling them that Sun Buggie manufactures hundreds of buggies, with no oversight, and after being responded to by the CPSC that their investigation did not reveal any violations by Sun Buggie, Defendant Cooper inquired whether there existed "any course of action you can take against this firm?" The Consumer Product Safety Commission responded that there was not.

27.     In June of 2016, the San Luis Obispo County Auto Theft Task force, led by Kevin Coomer, and accompanied by Defendant Robert Cooper and Kevin Pearce, raided Sun Buggie's storage facility at 54 Saratoga in Grover Beach, under the purported authority of California VC 2805, despite there never having been any accusations of theft.  Later, Kevin Coomer wrote to Plaintiff Randy Jordan to explain that during the VC2805 inspection no stolen vehicles were present, or likely to be present and conceding that the inspection was not in the spirit of the authority of a CVC 2805 inspection.

28.     By 2017 the harassment had become so bad that the treasurer for Friends of Oceano Dunes, a longtime recipient of donations from Plaintiff, requested to return donation checks undeposited, explaining that Defendant PARKS instructed them that they could not be seen as receiving donations from Sun Buggie.

29.     In June of 2017     Defendant Robert Cooper visited Sun Buggie beach operation and took photos and measurements of Plaintiff's equipment. That same month, Defendant Kevin Pearce wrote Sun Buggie a letter of reprimand and denied Sun Buggie's request for additional training space on the beach for the purpose of providing ASI certifications to children.

30.     In June of 2017, Robert Cooper and PARKS employee Tamar Carmona took approximately 25 drone photos of the rental staging area used by vendors.  On information and belief, Defendant Cooper then edited two (2) of the photos to show

only Sun Buggie equipment, and sent those edited photos to Ty Murray of Defendant CHP, asking him to pay special attention to Sun Buggie equipment during his planned inspection the next day.

31.    On June 23, 2017, Officer Murray from CHP, along with Robert Cooper and Ranger Langley, cited Plaintiff with violations(s), leading to the criminal prosecution that was later dismissed.

32.    On December 18, 2018, Defendant CHP conducted a surprise BIT inspection of Sun Buggie's storage facility at 54 Saratoga in Grover Beach. This inspection was allegedly based upon a complaint, but a copy of the complaint obtained from Defendant CHP shows the complainant and receiver of complaint both to be redacted, despite the complainant marking the box indicating that they did not wish to remain anonymous.

33.    On February 4, 2019, DMV Investigator Yesenia Rodriguez emailed her supervisor indicating that Lt. Coomer had told her to send all Sun Buggie matters to him, and not to document anything in writing, so as to prevent Sun Buggie from gaining access to the documentation.

34.    On March 1, 2019, CHP Motor Carrier Specialist III Donald Stafford and Kevin Pearce communicated to Plaintiffs that Sun Buggie were illegally operating.

35.    On March 7, 2019, CPUC Investigator Janis Northington served Sun Buggie with Cease-and-Desist notice. Defendant CPUC later scheduled an audit of Sun Buggie including three years of federal tax returns. CPUC later issued to Sun Buggie a citation, which was ultimately vacated due to lack of Commission jurisdiction.

36.    On June 23, 2017, Defendants wrongfully conspired and caused citations and criminal proceeding to be brought against Plaintiff.  Defendants were each actively involved in causing Plaintiff to be cited and prosecuted despite knowing of Plaintiff's innocence and that no reasonable person in Defendants' circumstances would have believed that there were grounds for causing Plaintiff to be cited, charged, and prosecuted. Despite knowing that Plaintiff was innocent and/or after learning that there

was to probable cause that Plaintiff had committed a crime, Defendants sought out police, actively cited, and sought out prosecutorial authorities and falsely reported facts to them indicating that Plaintiff had committed a crime. As discussed in further detail below, Defendants each acted primarily for a purpose other than bringing Plaintiff to justice and, upon information and belief, was done in retaliation for Plaintiff's public criticisms of the State of California's policies and the selective and unsafe enforcement of those policies. The conduct of the individual Defendants were willful, wanton, malicious, and done with an evil motive and intent, with reckless disregard for the rights of Plaintiff.

37.    In short, Plaintiff, by and through its owner, Randy Jordan, which operates the Off Highway Vehicle ("OHV") company Sun Buggie in the Oceano Dunes State Vehicular Recreation Area, publicly advocated for ensuring that OHVs are rented and operated safely, especially when it comes to children and adolescents. For years, Plaintiff, by and through Mr. Jordan, motivated by his personal experiences as a parent and as a witness to OHV accidents involving children, has been an outspoken critic of the deficient child safety practices of other OHV rental companies operating in California State Parks, as well as of State Parks policies and procedures that Plaintiff believes permit OHV vendors to circumvent child safety laws. And for years, California State Parks has retaliated against Plaintiff because of their advocacy, investigating, citing, and otherwise punishing them for minor or manufactured infractions while taking no similar action against his three competitors who did not criticize State Parks and speak out about safety issues. In June 2017, State Parks' discriminatory enforcement against Plaintiff culminated in a misdemeanor charge relating to the alleged transportation of hazardous materials without a license.

38.    On June 23, 2017, at the instruction of Kevin Pearce, State Parks employee Robert Cooper sent drone photographs of vehicles to CHP Officer Ty Murray that had been cropped to show only Plaintiff's trucks (and to exclude other vendors' vehicles), and asked that Murray give "special treatment" to Sun Buggie. At the direction of Kevin

Pearce, the next day, Murray joined forces with a State Parks law enforcement officer Langley and Cooper to drive to Oceano Dunes in a State Parks patrol vehicle and engineered a pretextual traffic stop of a Sun Buggie vehicle, which led to the citations for carrying a large quantity (over 119 gallons) of hazardous material (gasoline) in a too large container. Murray's contention that the tank carried gasoline is based *entirely* on his claim that he smelled gasoline – although he never opened or examined the tanks to determine  if they actually contained gasoline.

39.     Defendants conduct and selective prosecution of Plaintiff was in retaliation for First Amendment activities in which Plaintiff and Randy Jordan had been engaging to promote the safety of minors using OHVs on the beach — activities that call into question the judgment of State Parks officials and threaten the revenue of other OHV companies and, consequently, of the State Parks system which takes fees from these companies. In response to Plaintiff's protected First Amendment activities in promoting adolescent and child safety when using OHV's, Defendants unlawfully threatened criminal prosecution as well as the termination of Plaintiff's lucrative vending contract.

40.     On July 3, 2019, the defendant filed a Motion for Discovery under Murgia v. Municipal Court [(1975) 15 Cal.3d 286] for evidence of discriminatory prosecution. On December 3, 2021, at a hearing on the Murgia motion, the court found that the defendant had made a prima facie showing that Plaintiff was the victim of discriminatory enforcement of the law, in violation of the Equal Protection Clause of the 14th Amendment, and the court ordered Defendants and the District Attorney to furnish Plaintiff with a large number of requested documents and other evidence of discriminatory prosecution.

41.     On January 25, 2022, at a further hearing in this case, the People reported that they needed additional time to obtain the ordered discovery and the case was continued to March 22, 2022. On March 22, 2022, the People made an oral motion to dismiss the case in the interests of justice. Over the objection of Plaintiff, the court granted the motion and dismissed the case.

COMPLAINT FOR DAMAGES

42.     Defendants knew that their conduct could and would likely result in the violation of Plaintiffs' civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiffs.

43.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

44.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

45.     At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiffs' constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States. The Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C §1983.

46.     Defendants deprived Plaintiffs of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia*, subjecting Plaintiffs to an unlawful search and seizure, arresting and/or causing Plaintiffs to be arrested without probable cause, conspiring to deprive Plaintiff of their constitutionally protected rights, submitting reports with material omissions, providing falsehoods to secure an arrest and prosecution of Plaintiffs.

47.     Defendants directly participated and/or aided and abetted in the wrongful conduct against Plaintiffs and engaged in efforts to cover up said wrongful conduct by providing false testimony, preparing, or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiffs. Defendants, and each of them, had an interest in seeing Plaintiffs charged with criminal conduct to detract from Defendants unlawful conduct.

48.     Said conduct of Defendants constitutes malice, oppression and/or fraud, entitling Plaintiffs to punitive damages against individual Defendants in an amount suitable to punish and set an example of said Defendants.

49.     Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

50.     Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon them by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause.

51.     Pursuant to the "Younger abstention doctrine" and Government Code  § 945.3, Plaintiffs' civil claims brought herein were stayed as a matter of law pending the completion of the criminal charges against Plaintiff filed on October 25, 2017, case number 17M-10574 in the San Luis Obispo Court.

52.     Following all charges being dropped on March 22, 2022, Plaintiffs timely served the Defendants with their claim for damages on September 5, 2022, which was denied by Defendants by operation of law. Plaintiff hereby brings this complaint upon Defendants' denial.

**FIRST CLAIM FOR RELIEF**

**Unlawful Search and Seizure**

**(42 U.S.C. § 1983)**

(*Plaintiffs Against All Defendants*)

53.     Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.     As alleged herein, Defendants searched, seized, and detained Plaintiffs without consent, reasonable suspicion, or probable cause.

55.     When Defendants searched and seized, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56.     Defendants knew that their conduct could and would likely result in the violation of Plaintiffs' civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

57.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

58.     Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great commercial, reputational, and financial injury.

59.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

/ / /

COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

### First Amendment Violations (42 U.S.C. § 1983)

*(Plaintiffs Against All Defendants)*

60.     Plaintiff realleges and incorporates by reference each and every allegations in the preceding paragraphs of this Complaint is if fully set forth herein.

61.     The right of free speech is guaranteed under the First Amendment and is "clearly established" such that public officials in Defendants' positions would know it is wrong to interfere in Plaintiffs' Constitutional rights of free speech and peaceful protest.

62.     Defendants' actions against Plaintiffs, as described herein, denied the guaranteed rights and protections of the First Amendment of the United States Constitution.

63.     At all times material to this Complaint, the Defendants were acting on behalf of their government entity's behalf and directly participated and/or aided and abetted in the wrongful conduct against Plaintiffs and violated Plaintiffs' First Amendment rights.

64.     Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

65.     Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

66.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiffs to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said

individual Defendants.

## THIRD CLAIM FOR RELIEF

### Failure to Prevent Violation of Rights (42 U.S.C. § 1983)

### (*Plaintiffs Against All Defendants*)

67.   Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint as if fully set forth herein.

68.   Defendants were present and aware when Plaintiffs were wrongfully searched seized, cited, and maliciously prosecuted.

69.   Defendants had an affirmative duty to preserve and protect Plaintiffs' rights to be free from unlawfuly searches, seizures, and wrongfully being charged and prosecuted in violation of their rights. This includes the duty to stop other Defendants from violating the law.

70.   Defendants were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated.  However, Defendants intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

71.   Defendants knew that their conduct could and would likely result in the violation of Plaintiffs' civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

72.   Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

73.   Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by

- 15 -

intentionally and unnecessarily violated Plaintiffs' rights as alleged herein.

74. Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## FOURTH CLAIM FOR RELIEF
### Concealment of Evidence and Deveraux Claim
### (42 U.S.C. § 1983)
*(Plaintiffs Against All Defendants)*

75. Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint as if fully set forth herein.

76. As alleged herein, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States.

77. Defendants directly participated and/or aided and abetted in the wrongful conduct alleged herein and engaged in efforts to conceal evidence, fabricate evidence, cover up said conduct by providing false testimony, preparing or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously prosecute Plaintiffs.

78. Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

79. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily violated Plaintiffs' rights as alleged herein.

80.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## FIFTH CLAIM FOR RELIEF

### Negligence

### (*Plaintiffs Against All Defendants*)

81.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

82.     As alleged herein, Defendants had a duty to use reasonable care in their interaction with the Plaintiffs and to ensure that they were free from foreseeable risks of harm from Defendants conduct and not to expose them to reasonably foreseeable risks of wrongful arrest, malicious prosecution, injury, including, but not limited to, interfering with Plaintiffs existing and prospective economic advantages.

83.     At all relevant times, no probable cause existed to search, seize, and bring charges against Plaintiffs. At all relevant times, Defendants knew that Plaintiff had not, in any way, committed any unlawful act.

84.     Based on the facts readily available and known to the Defendants, no reasonable conclusion could be drawn that probable cause existed to search, seize, and prosecute Plaintiffs. All objective facts readily available and known to Defendants could not have reasonably led the officer to conclude that Plaintiff had committed or was committing a crime.

85.     In light of the foregoing facts, knowledge, and circumstances, no reasonable person or reasonable officer could have believed that probable cause existed. Moreover, in light of the foregoing, no material ambiguities existed and no reasonable person could have believed that Plaintiff had committed any crime, unlawful act, or posed a threat. As such, no reasonable person or reasonable officer, acting on said facts, could sensibly or reasonably conclude that probable cause existed to detain, arrest, or

charge Plaintiffs.

86.     Defendants had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants' conduct while interacting with them and not to expose such person to reasonably foreseeable risks of injury or deprivation of rights.

87.     Defendants breached their duty of care owed to the public and especially to Plaintiff by failing to act with the requisite care required and caused Plaintiff to suffer injuries, as alleged herein.

88.     Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiffs, as it did when Defendants interacted with Plaintiffs. Defendants breached the duty of care owed to the public and to Plaintiffs by failing to act with the requisite care required and causing Plaintiffs to suffer damages.

89.     As a direct and proximate result of Defendants' conduct, Plaintiffs actually suffered past and future special damages and past and future general damages in an amount according to proof.

90.     At all relevant times, Defendants were acting as agents for their employers, the STATE, PARKS, and CHP, and within their scope of employment. Plaintiffs are informed and believes that Plaintiffs' injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendants STATE, PARKS, and CHP. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the STATE, PARKS, and CHP. The STATE, PARKS, and CHP is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

91.     In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause him to suffer extreme emotional distress

but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## SIXTH CLAIM FOR RELIEF

### Intentional and Negligent Interference With Prospective Economic Advantage

#### (*Plaintiffs Against All Defendants*)

92.     Plaintiff realleges and incorporates, as if fully stated herein, each and every allegation contained in all paragraphs above, and incorporates the same herein by this reference as though set forth in full.

93.     As described above, Defendants knew or should have known that Plaintiffs were engaged in numerous economic relationships with its retail customer base that would have resulted in future economic benefits and continued benefits for Plaintiff.

94.     Defendants knew or should have known that their conduct, as alleged herein, would interfere with Plaintiff's economic relationships and economic advantages.

95.     As a direct and proximate result of Defendants' wrongful conduct and interference, and each of them, as herein alleged, Plaintiffs' business relationships with its customer base were significantly harmed, and Plaintiffs suffered special and general damages in an amount according to proof at trial.

96.     In engaging in the misconduct as alleged above, Defendants, and each of them, acted with malice, fraud, and oppression and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and to deter others from engaging in similar conduct.

## SEVENTH CLAIM FOR RELIEF

### Malicious Prosecution

#### (*Plaintiffs Against All Defendants*)

97.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

98.    Plaintiffs are informed and believe and thereon allege that the wrongful conduct of Defendants, as alleged herein, including bringing criminal charges against Plaintiffs without probable cause, was improper and done so with a wrongful motive.

99.    As a proximate cause of the conduct of Defendants, as alleged hereinabove, Plaintiffs have suffered damages arising from being wrongfully detained, wrongfully prosecuted, and proving their innocence, including incurring needless expense for attorneys' fees and costs. Further, Plaintiff suffered extreme emotional anguish due to and the  pending criminal charges, all in an amount to be proven at trial.

100.    Plaintiff was successful in defeating the false charges brought against him when the charges were finally dropped on or about March 22, 2022.

101.    As a direct and proximate result of Defendants' conduct, Plaintiffs actually suffered past and future special damages and past and future general damages in an amount according to proof.

102.    At all relevant times, Defendants were acting as agents for their employers, the STATE, PARKS, and CHP, and within their scope of employment. Plaintiffs are informed and believes that Plaintiffs' injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendants STATE, PARKS, and CHP. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the STATE, PARKS, and CHP. The STATE, PARKS, and CHP is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

103.    In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause him to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## **EIGHTH CLAIM FOR RELIEF**

### **Violation of California Civil Rights Act (Bane Act)**

(*Plaintiffs Against All Defendants*)

104.   Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

105.   California Civil Code §43 provides: "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." This is a right provided to all persons, including Plaintiff.

106.   California Civil Code §52.1, the Bane Act, provides in part: "(b) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured

107.   Section (c) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a). . . ."

108.   California Civil Code §§51 and 52, et seq., protects individuals from violence, threats of violence, or interference with an individual's rights.   The Civil Rights Act protects people from various different rights, including the right to peaceably walk, assemble, be free of harm, etc.

109.   California Civil Code § 51, commonly known as the Civil Rights Act, provides in relevant part:  "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

110.   Cal.Civ.Code § 52 of the Civil Rights Act provides in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

111.   Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3) Attorney's fees as may be determined by the court."

112.   As alleged herein, Defendants improperly seized, arrested, detained, and prosecuted Plaintiffs and violated Plaintiffs' rights. On information and belief, Defendants, while working for the STATE, PARKS, and CHP, and acting within the course and scope of their duties, violated Plaintiffs' rights and committed and attempted to commit acts of restraint and harm against Plaintiff.

113.   Defendants intentionally interfered with, or attempted to interfere with, Plaintiff's civil rights by threats, intimidation, and violence.

114.   The threats and intimidation caused Plaintiffs to reasonably believe that if they exercised their rights, Defendants would unlawful acts against them and that Defendants had the apparent ability to carry out the threats.

115.   Defendants acted wrongfully against Plaintiffs to prevent them from exercising their rights and retaliated against them for having exercised his rights.

116.   Defendants intended to deprive Plaintiffs of their rights of enjoyment of the interests protected by their civil rights.

117.   Defendants' conduct in violation of Plaintiffs' rights proximately and legally caused damages to Plaintiffs in an amount according to proof at trial.

118.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

119.   At all relevant times, Defendants were acting as agents for their employers, the STATE, PARKS, and CHP, and within their scope of employment. Plaintiffs are informed and believes that Plaintiffs' injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendants STATE, PARKS, and CHP. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the STATE, PARKS, and CHP. The STATE, PARKS, and CHP is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

120.   In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the

conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause him to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

121.   Section 52(a) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who discriminate against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status as being actual damages suffered, plus an award of up to three times actual damages, but in no case less than $1,000, plus attorney's fees pursuant to section 51.1(h).

122.   Section 52(b) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who engage in violence against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.   For past and future general damages in an amount to be determined by proof at trial;

2.   For past and future special damages in an amount to be determined by proof at trial;

3.   For punitive and exemplary damages against the Individual Defendants;

4.   For costs of suit;

5.   For reasonable attorneys' fees and costs as provided by statute; and

6.   For such other and further relief as the Court deems just and proper.

/ / /

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby notifies all parties of his intent on having a jury trial and hereby demands a trial by jury.

Date:  March 9, 2023

KIRAKOSIAN LAW, APC

By  /s/ *Gregory L. Kirakosian*

Gregory L. Kirakosian

Attorneys for Plaintiffs,

COMPLAINT FOR DAMAGES